UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CHING-YUA CHEN,

          Plaintiff,

-against-

RITE AID OF NEW YORK INC.;
ROSA TORRES; VINNIE DAM,[1]

          Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**
14 CV 6325 (ENV)

VITALIANO, United States District Judge:

    Plaintiff, Ching-Yau Chen, brings this *pro se* complaint, which purports to allege violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff makes application to proceed *in forma pauperis* (IFP), pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's claim is dismissed with prejudice.

---

[1] Plaintiff names as defendants Rosa Torres and Vinnie Dam. However, there is no individual liability under the Age Discrimination in Employment Act. See Cherry v. Toussaint, 50 Fed. Appx. 476, 477 (2d Cir. 2002) ("[T]he ADEA precludes individual liability."); McMahon v. Napolitano, No. 13 CV 1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (noting that neither Title VII nor the ADEA provides for individual liability).

1

## Discussion

ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination in violation of ADEA, plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)).

Plaintiff avers that his employment with Rite Aid was terminated on August 8, 2010. Compl. at ¶ 8. Chen alleges that he filed an employment discrimination action against his employer following his termination, and that he received a settlement in the amount of $15,000 along with an agreement that his termination would be reflected as voluntary retirement. Id. He now claims that when his wife's employment with the same employer was recently terminated, the Human Resources ("H.R.") manager mentioned plaintiff's

prior negative employment history with the company to his wife.[2] Specifically, Chen says that the H.R. manager accused his wife of committing the same type of offenses that led to his termination. Id. Chen contends that this disclosure to his wife violated his right to privacy as well as the terms of his settlement agreement. Id.

Even under the most liberal construction of plaintiff's allegations, he has failed to connect any adverse employment action to a protected status under ADEA. In fact, his pleadings establish that at the time of the alleged wrongful discrimination against his wife, he was no longer an employee of defendant. Certainly, Chen may not rely on his wife's pending claim for discrimination or her employee relationship as a basis to assert his own claim under ADEA. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010). In any event, "[u]nder Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief." Id.; see Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible). Given the

---

[2] On the same day that plaintiff filed the instant action, his wife filed a complaint against Rite Aid alleging violations of ADEA. See Chen v. Rite Aid et al., 14 CV 6324 (ENV).

3

settlement Chen pleads he negotiated with Rite Aid, Chen has no viable ADEA claim against it now. Indeed, if he ever had one, he settled it according to his own allegations. Amendment in this circumstance would be futile.[1]

## Conclusion

In light of the foregoing, the complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated:    Brooklyn, New York
           February 3, 2015

/S/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge

---

[1] Given that the complaint fails to state a claim, plaintiff's request to proceed IFP is denied. Even if the complaint could have passed threshold muster, the financial declaration form that plaintiff has submitted ("Decl.") does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that his gross pay is $2,400 per week. Decl. ¶ 2. Moreover, plaintiff states that he has $3,000 in a checking or savings account. Decl. ¶ 4. Plaintiff's declaration establishes that he has sufficient resources to pay the $400 filing fee to commence this action, and his request to proceed IFP would have been denied on that basis.